# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOANN KAYEA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  C.A. No. |
| | * |
| THE PRUDENTIAL INSURANCE | * |
| COMPANY OF AMERICA, a foreign | * |
| company, | * |
| | * |
| Defendant. | * |

## COMPLAINT

1.      This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1001 et seq., and specifically 29 U.S.C. §§1132(a)(1)(B) and 1132(a)(3)(B). This Court's jurisdiction is based upon 29 U.S.C. §1132(e).

2.      Venue is proper pursuant to 28 U.S.C. §1391(a).

3.      Plaintiff Joann Kayea resides at 2202 Patwynn Court, New Castle County, Delaware, 19810.

4.      Defendant is The Prudential Insurance Company of America, a foreign insurance company authorized to transact insurance business in Delaware.

5.      At all times pertinent hereto, Plaintiff was an employee of the Brandywine School District and as such, she was a member of a group having Long Term Disability (LTD) benefits and other benefits under a group policy with Defendant The Prudential Insurance Company of America, designated Group Policy #77048 issued to Consolidated Schools, Inc. Under this policy, if she became disabled due to sickness or accidental injury, she became entitled to total disability benefits. The group employee welfare disability benefits plan under which Plaintiff was entitled to disability benefits constituted an "employee welfare benefit plan" pursuant to 29 U.S.C. §1002(1).

6.      On March 20, 2003, Plaintiff discontinued working as an custodian because she became totally disabled. Plaintiff has never returned to work since that date. Subsequently, Plaintiff filed a claim with Defendant for total disability benefits. These benefits were initially

granted to her effective June 19, 2003, and she was paid $1,550.62 per month until June 19, 2005, at which time her benefits were terminated based upon a determination that Plaintiff was not totally disabled for all occupations. A copy of this letter is attached as "Exhibit A". Plaintiff appealed this decision internally with Defendant and that appeal was denied. A copy of that letter is attached as "Exhibit B".

7.    Pursuant to Defendant's review process, Plaintiff submitted a second appeal to Defendant on September 23, 2005. A copy of the appeal document is attached as "Exhibit C". Plaintiff was notified in a letter dated February 23, 2006 that her second appeal had been denied and that she was not considered totally disabled as per Defendant's definition of "Total Disability". Defendant's decision was that Plaintiff was able to pursue employment as a "food checker" and that she was not entitled to LTD benefits. A copy of this letter decision is attached as Exhibit "D". The letter of February 23, 2006 also notified Plaintiff that she had reached her final level of internal appeal available through Defendant The Prudential Insurance Company of America and that Plaintiff would have to seek any further relief by filing an "ERISA" lawsuit.

8.    In reaching its decision to deny LTD benefits to Plaintiff, Defendant completely ignored the opinions of Plaintiff's health care providers, all of whom stated that she was totally disabled and unable to perform even minimal work and failed to consider the progressive nature of her disability. Further, Defendant's denial of benefits was made as the administrator of the benefit plan and as the party liable for payment of ERISA benefits from its own financial resources.

## COUNT I

### CLAIM FOR LONG-TERM DISABILITY BENEFITS PURSUANT TO 29 U.S.C. §1132(a)(1)(B)

9.    Plaintiff hereby realleges and incorporates by references paragraphs 1 through 8 hereinabove.

10.    Defendant The Prudential Insurance Company of America qualifies as a "fiduciary" under the terms of ERISA.

11.    Defendant has wrongfully denied Plaintiff's benefits by committing the actions

described in this Complaint including, but not limited to, the following:

      a.    unreasonably denying Plaintiff's requests for continued long-term disability benefits;

      b.    failing to determine that Plaintiff was entitled to long-term disability benefits;

      c.    failing to pay long-term disability benefits to Plaintiff; and

      d.    failing to comply with the terms of the Plan documents.

12.    The actions of Defendant described in this Complaint, including those stated in the preceding paragraph, were arbitrary and capricious.

13.    Defendant has wrongfully denied the Plaintiff the benefits due her under the terms of the Plan and deprived Plaintiff of her rights under the terms of the Plan.

14.    Plaintiff is entitled to long-term disability benefits under the terms of the Plan.

WHEREFORE, Plaintiff Joann Kayea demands judgment against Defendant for (1) the disability benefits due Plaintiff under the Plan from June 19, 2005, and each month thereafter, plus pre- and post-judgment interest, reasonable attorney's fees and costs; (2) a declaration that Plaintiff is entitled to long-term disability benefits under the terms of the Plan; (3) attorney's fees and costs pursuant to U.S.C. §1132(g)(1); and (4) such other and further relief as this Court deems just and proper.

## COUNT II

### EQUITABLE RELIEF PURSUANT TO 29 U.S.C. §1132(a)(3)(B)

15.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14 hereinabove.

16.    Defendant is equitably estopped from denying benefits to Plaintiff by its previous representations to Plaintiff that she was entitled to total disability benefits.

17.    Plaintiff is entitled to injunctive relief requiring Defendant to pay long-term disability benefits to Plaintiff pursuant to the terms of the Plan, because Defendant has wrongfully denied Plaintiff's benefits by committing the actions described in this Complaint including, but not limited to, the following:

e.    unreasonably denying Plaintiff's requests for continued long-term disability

benefits;

f.    failing to determine that Plaintiff is entitled to long-term disability benefits;

g.    failing to pay Plaintiff long-term disability benefits; and

h.    failing to comply with the terms of the Plan.

WHEREFORE, Plaintiff requests (1) trial by jury to the fullest extent allowed by law, (2)

that this Court issue an injunction requiring Defendant to pay Plaintiff long-term disability benefits

pursuant to the terms of the Plan, and that this Court award such other equitable relief as it deems

just and proper; and (3) that this Court award Plaintiff attorneys fees and costs pursuant to U.S.C.

§1132(g)(1).

SCHMITTINGER AND RODRIGUEZ, P.A.

BY: _____
WILLIAM D. FLETCHER, JR., ESQ.
Bar I.D. No. 362

BY: _____
NOEL E. PRIMOS, ESQ.
Bar I.D. No. 3124
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

DATED: 2, 20, 07
WDF/ljo

# Exhibit "A"

**Prudential ⬆ Financial**

**Suzanne M Posey**
Disability Claims Manager

The Prudential Insurance Company Of America
Disability Management Services
Po Box 13480
Philadelphia, PA 19101

Phone: (800) 842-1718 Ext: 4447
Fax: (877) 889-4885
Hours: 07:15 AM 03:15 PM

June 02, 2005

Joanne Kayea                         Claimant: Joanne Kayea
2202 Patwynn Ct                      Control #/Br: 77048 / 00003
Wilmington, DE 19810                 Claim #: 10590569
                                     Date of Birth: 06/30/1959

I₁ⅡⅠₗₗₗₗₗₗₗₗₗₗₗₗⅡⅡₗₗₗₗₗⅡⅡ

Dear Ms. Kayea:

We have completed our review of your claim for Long Term Disability (LTD) benefits under the
Group Policy #77048 issued to Consolidated Schools, Inc.. We have determined that you are no
longer entitled to LTD benefits and your claim has been terminated effective June 19, 2005.

In order to receive benefits under Group Policy #77048, covered employees must meet all
contractual requirements including the following definition of Disability:

"Total Disability" exists when Prudential determines that all of these conditions are met:

(1) Due to sickness or accidental injury, both of these are true:

   (a) You are not able to perform, for wage or profit, the material and substantial
      duties of your occupation.

   (b) After the Initial Duration of a period of Total Disability, you are not able to
      perform, for wage or profit, the material and substantial duties of any job for
      which you are reasonably fitted by your education, training, or experience.
      The initial duration is equal to the first 24 months of Inbenefit.

(2) You are not working at any job for wage or profit.

(3) You are under the regular care of a Doctor.

You have been unable to work in your own occupation as a custodian since March 20, 2003 due
to a herniated lumbar disc. You underwent surgery for your back on April 08, 2003. Your LTD
benefits began on June 19, 2003 and have been paid through June 18, 2005.

**Medical Summary**

According to a Functional Capacities Evaluation on July 08, 2003, it indicated that you possessed
a light to medium work capacity, with lifting abilities to 25 lbs, and overhead abilities in the light
work capacity. This evaluation was considered valid ( no pain behaviors demonstrated).
Recommendations were not to exceed 2 hours of repeated forward flexion and for positional
changes. The evaluation recommended postural tolerance of sitting 8 hours, standing 5 hours and

walking 3-4 hours. Your office visit notes from July 21, 2003with Dr Buonocore, Neurosurgeon, indicated that you were released to work under the results of the evaluation with lifting to no more than 25 lbs. Again on September 09, 2004, Dr Buonocore indicated that you continued to have residual neuropathic pain which was associated with activity however you were limited to lifting nothing greater than 20 pounds, no excessive bending, standing or sitting for an extended period of time.

A member from our medical staff reviewed the information obtained. We are in agreement with Dr. Buonocore's restrictions and limitations provided above.

## Vocational Information

A Vocational Consultant reviewed the above restrictions and limitations, as well as your work experience and education. We have identified jobs that you would beable to perform, with minimal on site training which may be required, using the above restrictions and limitations. These jobs exist within 30 miles from your home. The jobs identified are:

| | |
|---|---|
| Food Checker | $9.01 per hour |
| Cashier | $8.14 per hour |
| Ticket Taker | $8.25 per hour |
| Parking-Lot Attendant | $8.57 per hour |

## Summary

As you are aware, benefits are payable for 24 months when you are unable to perform the duties of your own occupation, however after 24 months, benefits are payable when you cannot perform the duties of any job. As of June 19, 2005, you have received 24 months of benefits and we have determined you are able to perform the duties of the above jobs.

After a Thorough evaluation of the above information, we have determined that as of June 19, 2005, you no longer meet the definition of disability as defined above. Therefore, we have terminated your claim for LTD under the Consolidated Schools, Inc. effective June 19, 2005.

You have a right to appeal this decision. If you elect to do so, your appeal must be made in writing by you or your authorized representative. Your appeal must be submitted within 180 days of the date of your receipt of this letter. Your appeal should contain:

- the reasons that you disagree with our determination
- your name, policy number and social security number (or claim number)
- medical evidence or documentation to support your position

Evidence or documentation may include but not be limited to such materials as:

- copies of therapy treatment notes
- any additional treatment records from physicians
- actual test results (e.g. EMG, MRI)

You may submit with your appeal any written comments, documents, records and any other information relating to your claim.

The written appeal should be submitted to:

Appeals Department
Disability Management Services Claims Division

P.O. Box 13480
Philadelphia, PA 19101

A determination on your claim appeal will be made within 45 days of the receipt of your appeal request. This period may be extended by 45 days if special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However if the Appeals Review Unit requests additional information from you and you fail to respond, this period of time may be extended until you provide the requested information.

If our decision to deny benefits is upheld at the first level of appeal, you or your authorized representative may file a voluntary second appeal. You are entitled to receive upon request, sufficient information to make a decision about filing this appeal. The same time frame for the first appeal will apply to the second appeal.

After completion of the first level of appeal, you may also file a lawsuit under the Employee Retirement Income Security Act (ERISA). ERISA allows you to file suit for policy benefits and reasonable attorney's fees. Your decision on whether to file a second appeal will not affect your rights to sue under ERISA.

If you have any questions, please contact me at (800) 842-1718, extension 4447.

Sincerely,

*Suzanne M Posey*

Suzanne M Posey
Disability Claims Manager

Exhibit "B"

**Prudential 🌐 Financial**

James E Furman
Disability Claim Manager

The Prudential Insurance Company Of America
Disability Management Services
Po Box 13480
Philadelphia, PA 19101

Phone: (800) 842-1718 Ext: 7423
Fax: (866) 285-8569
Hours: 07:00 AM 03:00 PM

July 25, 2005

Joanne Kayea
2202 Patwynn Ct
Wilmington, DE 19810

Claimant: Joanne Kayea
Control #/Br: 77048 / 00003
Claim #: 10590569
Date of Birth: 06/30/1959

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

Dear Ms. Kayea:

We have completed our review of your request for reconsideration of our decision to terminate your claim for Long Term Disability (LTD) benefits under the Group Policy #77048 issued to Consolidated Schools, Inc. We have determined that you are not eligible to receive benefits beyond June 18, 1005. We have upheld our decision to terminate your claim effective June 19, 2005. This letter outlines the reason for our decision.

In order to receive benefits under Group Policy #77048, covered employees must meet all contractual requirements including the following definition of Disability:

"Total Disability" exists when Prudential determines that all of these conditions are met:

(1) Due to sickness or accidental injury, both of these are true:

    (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.

    (b) After the Initial Duration of a period of Total Disability, you are not able to perform, for wage or profit, the material and substantial duties of any job for which you are reasonably fitted by your education, training, or experience. The initial duration is equal to the first 24 months of Inbenefit.

(2) You are not working at any job for wage or profit.

(3) You are under the regular care of a Doctor.

**Medical Information**
You went out of work effective March 20, 2003 due to a herniated lumbar disc. You underwent a lumbar laminectomy discectomy on April 08, 2003. Your LTD benefits were approved through the June 18, 2005 and terminated effective June 19, 2005, as we had determined that you no longer met the definition of disability. Please see our letter dated June 02, 2005 for details regarding that decision.

We have since received your appeal request which you indicate that our summary of your medical condition was not entirely accurate. You submitted a letter from Dr. Savinese for consideration of benefits beyond June 18, 2005. Additionally, you indicated that we could obtain additional records and/or test results as required.

The letter from Dr. Savinese dated June 28, 2005, indicates that you were unable to stand greater than 15 minutes in one place, sit greater than 20 minutes, or lift greater than 10 pounds.

As part of your appeal request your claim was reviewed by our medical director.

The Medical Director's opinion of the restrictions set be Dr. Savinese, is that these restrictions are conservative. Additionally, they would not exclude you from performing sedentary work as long as you have the ability to change your position at will.

The Medical Director opines that you should have restrictions of no standing more than 15 minutes or greater than 2 hours per day, no lifting greater than 10 pounds, no repetative bending, twisting or squatting.

## Vocational Information

Your claim was then referred to a vocational consultant and asked to review the January 28, 2005 employability assesment for continued validity with the restrictions as mentioned above. The prior employability assesment remains valid for one occupation that was previously identified, Food Checker. (This occpation involves no more than 10 pounds of lifting, ability to alternate sitting or standing and no repetitive stooping or crouching. )

## Summary

LTD benefits are payable for 24 months when you are unable to perform the duties of your own occupation, however after 24 months, benefits are payable when you cannot perform the duties of any job. As of June 19, 2005, you have received 24 months of benefits. After a thorough review of the information in file, we have determined you are able to perform the duties of the above job.

We have determined that as of June 19, 2005, you no longer meet the definition of disability as defined above. Therefore, we have upheld our decision to terminate your claim under the Consolidated Schools, Inc. policy effective June 19, 2005. Your claim for LTD benefits has been paid through June 18, 2005 and has terminated effective June 19, 2005, with no further benefits payable.

## Right To Appeal

You may again appeal this decision to Prudential's Appeals Review Unit for a final decision. If you elect to do so, the appeal must be made in writing by you or your authorized representative. Your complete appeal must be submitted within 180 days of the receipt of this letter. The appeal may identify the issues and provide other comments or additional evidence you wish considered. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. Please forward your appeal request to me at the above address.

A determination on your claim appeal will be made within 45 days of the receipt of your appeal request by an individual not previously involved in your claim. This period may be extended by 45 days if special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which Prudential expects to render a decision shall be furnished to you within the initial 45-day period. However if Prudential requests additional information from you and you fail to respond, this period of time may be extended until you provide the requested information.

Please note that this second appeal is voluntary. You are entitled to receive upon request, sufficient information to make a decision about filing this appeal.

If you have any questions, please contact me at (800) 842-1718, extension 7423.


Sincerely,

*James E Furman*

James E Furman
Disability Claim Manager

Exhibit "C"

*corres tcl*

LAW OFFICES
# SCHMITTINGER AND RODRIGUEZ, P.A.
414 SOUTH STATE STREET
POST OFFICE BOX 497
DOVER, DELAWARE  19901
TELEPHONE 302-674-0140
FAX 302-674-1830

NICHOLAS H. RODRIGUEZ
PAUL H. BOSWELL
JOHN J. SCHMITTINGER
DOUGLAS B. CATTS
WILLIAM D. FLETCHER, JR.
CRAIG T. ELIASSEN
WILLIAM W. PEPPER SR.
CRYSTAL L. CAREY*
SCOTT E. CHAMBERS*
FRED A. TOWNSEND III
NOEL E. PRIMOS
DAVID A. BOSWELL
WALT F. SCHMITTINGER
R. SCOTT KAPPES
JEFFREY J. CLARK
BETH B. MILLER
KYLE KEMMER
SEEMA VERMA
P. KRISTEN BENNETT
LORI A. BREWINGTON

*ALSO ADMITTED IN MARYLAND

HAROLD SCHMITTINGER
OF COUNSEL

WILMINGTON OFFICE
BRANDYWINE GATEWAY PLAZA
1300 NORTH MARKET STREET
WILMINGTON, DELAWARE 19801
TELEPHONE 302-652-3676
FAX 302-652-8788

REHOBOTH BEACH OFFICE
WACHOVIA BANK BUILDING
4602 HIGHWAY ONE
REHOBOTH BEACH, DELAWARE 19971
TELEPHONE 302-227-1400
FAX 302-645-1843

ODESSA OFFICE
ODESSA PROFESSIONAL PARK
POST OFFICE BOX 626
ODESSA, DELAWARE 19730
TELEPHONE 302-378-1697
FAX 302-378-1659

September 23, 2005

Mr. James E. Furman
Disability Claim Manager
Prudential Insurance Company
  of America
P.O. Box 13480
Philadelphia, PA 19101

*Via Certified Mail*
*Return Receipt Requested*

7005-1160-0004-
7526-0949

RE:    **Our Client: Joanne Kayea**
       **Claim No. 10590569**
       **Control No. Br: 77048 / 00003**
       **Our File: 05-764**

Dear Mr. Furman:

This office has been retained to represent the above-referenced individual to formally appeal your decision to terminate her Long Term Disability (LTD) benefits under her group policy (#77048) issued to Consolidated Schools, Inc. I have attached a copy of the letter from you to our client dated July 25, 2005 in which Prudential upheld its decision to terminate Mrs. Kayea's benefits effective June 19, 2005. You stated that your decision to terminate Mrs. Kayea's LTD benefits is based on your assessment that Mrs. Kayea is not, in fact, totally disabled, as she could perform the duties of a "Food Checker", as identified in your employability assessment.

I am enclosing a copy of a letter dated August 9, 2005 from Dr. Stanley J. Savinese, Mrs. Kayea's treating physician, regarding her physical limitations. Dr. Savinese strongly disagrees with your company's assessment that Mrs. Kayea is able to work as a Food Checker due to her physical limitations, and referred Mrs. Kayea to a physiatrist for further evaluation.

Mrs. Kayea was seen by Dr. James F. Bonner for evaluation on August 28, 2005. A copy of his letter report is enclosed for your review. You will see that Dr. Bonner agrees with Dr. Savinese's

*September 22, 2005*
*Page 2*

assessment that Ms. Kayea "remain disabled from all occupations."

Therefore, based upon this additional medical evaluation that Ms. Kayea cannot perform the duties of a Food Checker or any other occupation, please consider their well-reasoned medical opinions and the uncontroverted nature of Ms. Kayea's disability and reverse Prudential's denial of LTD benefits to Ms. Kayea. I look forward to receiving a positive response to this appeal at your earliest opportunity.

Very truly yours,

WILLIAM D. FLETCHER, JR.

WDF:tcl

Enclosures

cc:    Mrs. Joanne Kayea

Exhibit "D"



**Prudential Financial**

Tara Johnson, ALHC
Senior Appeals Analyst

The Prudential Insurance Company of America
Disability Management Services
PO Box 13480
Philadelphia, PA 19101

Phone: (800) 842-1718  Ext: 4441
Fax: (866) 285-8569
Hours:  08:00 AM  04:00 PM

February 23, 2006

William Fletcher, Jr.
Schmittinger & Rodriquez
414 S. State Street, P.O. Box 497
Dover, DE  19903

I·ılll·lıl·lıl·llıııılll·lılıl

Claimant: Joanne Kayea
Control #/Br: 77048 / 00003
Claim #: 10590569
Date of Birth: 06/30/1959

Dear Mr. Fletcher, Jr.:

We have completed our review of your second request for reconsideration of our decision to terminate Joanne Kayea's claim for  Long Term Disability (LTD) benefits effective June 19, 2005 under the Group Policy #77048 issued to Consolidated Schools, Inc.  We have determined that our decision was appropriate and have upheld our decision to terminate Ms. Kayea's claim for LTD benefits. This letter outlines the reasons for this determination.

In order to receive benefits under Group Policy #77048, covered employees must meet all contractual requirements including the following definition of Disability:

"Total Disability" exists when Prudential determines that all of these conditions are met:

(1)  Due to sickness or accidental injury, both of these are true:

   (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.

   (b) **After the Initial Duration of a period of Total Disability, you are not able to perform, for wage or profit, the material and substantial duties of any job for which you are reasonably fitted by your education, training, or experience. The initial duration is equal to the first 24 months of Inbenefit.**

(2)  You are not working at any job for wage or profit.

(3)  You are under the regular care of a Doctor.

**Claim Information**

Ms. Kayea discontinued working as a Custodian on March 21, 2005 due to a herniated lumbar disc.  She underwent a lumbar laminectomy discectomy on April 08, 2003.  Her LTD benefits were approved through the "own occupational period" of June 18, 2005 and terminated effective June 19, 2005, as we had determined that she no longer met the definition of disability. Please see our letter dated June 02, 2005 for details regarding that decision.  This decision was upheld on Ms. Kayea's first appeal.  Please see our letter dated July 25, 2005 for details regarding that decision.

We have since received your second request to appeal our decision to terminate Ms. Kayea's claim for LTD benefits. In your letter, you indicate that Ms. Kayea's physician, Dr. Savinese, "strongly disagrees" with our assertion that she would be employable in the occupation of a Food Checker. You also note that Dr. Bonner, another treating physician of Ms. Kayea, agrees with Dr. Savinese's opinion that Ms. Kayea is disabled from all occupations.

We have thoroughly evaluated the documentation in the file as well as the documentation received for the purpose of your appeal. (Please note that we reviewed all information in the file, although not every piece of information will necessarily be referenced in this letter.)

Medical Review

On second appeal, we had Ms. Kayea's file reviewed by our Medical Director, a Physical Medicine and Rehabilitation Physician. This review is as follows:

The medical records document a Functional Capacity Evaluation dated July 08, 2003 by Neil Taylor, OTR. The results were identified to generally represent a safe capability level as demonstrated by Ms. Kayea and may be used to establish return to work or further interventions. There was a 0 score out of 9 for the pain questionnaire. It was determined that Ms. Kayea could return to a modified work duty 8 hours per day with shifts not to exceed 2 hours per shift of sitting/standing/walking, with rotation of activities in an 8 hour day.

On February 16, 2004, Dr. Buonocore (neurosurgery) noted that Ms. Kayea was status post a microdiscectomy on the left at L5/S1 on April 8, 2003 for a large herniation and free fragment. There were no noted symptom changes other than back pain with weather and increased activity. Pain is noted to be localized to her back.   No radicular pain or weakness was noted, and Ms. Kayea states the pain that she had preoperatively has not returned and she only has the persistent numbness. Normal station and gait.   Motor examination was 5/5.  MRI notes postoperative scar, nerve roots look patent, no recurrent disc fragment or compression of the neural elements.

On April 06, 2004, Dr. Kim (physical medicine and rehabilitation and pain medicine) Performed a "Disability Determinations Services" medical evaluation noting the physical examination of normal range of motion (ROM) to bilateral upper and lower extremities. Cervical spine ROM was normal. Trunk flexion to 80 degrees with increasing low back pain reported.  He noted moderate tenderness at the lumbosacral junction and mild tenderness from the left glutal area. There was normal sensation to the bilateral upper extremities, decreased sensation to the L5-S1 dermatome. Motor bilaterally in the upper and lower extremities was normal.  Normal gait, negative straight leg raise was noted. Fine finger movement was within normal limits bilaterally.  Discussion by Dr. Kim:  walking and standing will be limited to 4-6 hours during an 8 hour day due to chronic low back pain.  Sitting will be limited to 4-6 hours during an 8 hour day due to chronic low back pain.  Lifting will be limited to 25-30 lbs due to low back pain.

On September 09, 2004, Dr. Buonocore reported residual neuropathic pain associated with activity and an MRI showing evidence of scar (tissue) without neural compromise.  He notes that Ms. Kayea is stable with limited activity.  She is not able to return to work, which would result in recurrence in her symptoms.  She is limited to lifting nothing greater than 20 lbs and no excessive bending, standing, or sitting for an extended period of time.  She is to follow up on an as needed basis.

On August 08, 2005  Dr. Savinese (family practice) wrote a letter disagreeing with the assessment for work as a food checker.  He recommended Ms. Kayea see a physiatrist.

On August 18, 2005 Dr. Bonner noted Ms. Kayea's history with a 19-degree scoliosis, straight leg raising positive on the left, negative on the right, and decreased ankle jerk on the left. Dr. Bonner

suggested other diagnostic work-ups to continue with an initial impression as "disabled all occupations".

On November 01, 2005, Dr. Savinese continues to support that there is no functional capacity for any work related activities based on Ms. Kayea's symptoms. He states that there is zero capacity for sitting, standing or walking in an 8 hour day. Ms. Kayea can never lift up to 10 lbs or more, "Patient can not lift even light objects", she can never carry up to or over 10 lbs. He further opines that she can never bend, squat, kneel or crawl. She is capable of occasional overhead reaching. She can simple grasp, reach and fine manipulate bilaterally. She cannot push, pull or operate foot controls.

Conclusion

The low back pain condition remains the concern for Ms. Kayea not returning to work. There is clearly assessments from Dr. Kim and Dr. Buonocore that would support work activities with restrictions as previously stated above that are reasonable.

Dr. Savinese's and Dr. Bonner's position for no work activities are inconsistent with the opinions noted above, and though there is pain and reduced reflexes the form filled in by Dr. Savinese, his statement that Ms. Kayea is not able to sit/stand/walk for any amount of time in an 8 hour day is not consistent with the prior opinions and is in excess of what one would expect with the physical findings, MRI findings and results of a microdiscectomy.

After review and consideration of the medical information presented in this file the restrictions as listed by Dr. Kim and Dr. Buonocore are appropriate and would relate to a level of sedentary to light work as defined by the Dictionary of Occupational Titles (DOT).

Vocational Review

Based on the above noted medically supported restrictions and limitations, our Vocational Department was able to identify an alternate, gainful occupation that Ms. Kayea would be able to perform within said restrictions and limitations as follows:

| Title | Median Hourly Wage |
|---|---|
| Food Checker | $9.01 |

Food Checker involves no more than 10 lbs of lifting, and would allow the ability to alternate sitting/standing as needed, and requires no repetitive stooping/crouching.

As the available medical evidence supports that Ms. Kayea could be gainfully employed in any job for which she is reasonably fitted by her education, training, or experience, she no longer meets the above definition of disability effective June 20, 2005, and we must uphold our prior decision to terminate her claim as of that date.

This decision is final and cannot be appealed further to Prudential. If you still disagree with the above decision, you may file a lawsuit under the Employee Retirement Income Security Act (ERISA). ERISA allows you to file suit for policy benefits and reasonable attorney's fees.

If you have any questions, please contact me at (800) 842-1718, extension 4441.

Sincerely,

*Tara Johnson, ALHC*

Tara Johnson, ALHC
Senior Appeals Analyst

₄JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joann Kayea

## DEFENDANTS
The Prudential Insurance Company of American, a foreign insurance company

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Plaintiff    New Castle
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Schmittinger & Rodriguez, P.A.
414 S. State Street, P.O. Box 497
Dover, DE  19903-0497
(302) 674-0140

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | LABOR | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395 ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. W/Disabilities- Employment | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities- Other | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access To Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §1001 et seq.

Brief description of cause:
ERISA suit seeking payment of Disability Insurance Benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE                    DOCKET NUMBER

DATE 2/20/07

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 1 - 0 2

Civil Action No. _____



# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

FEB 2 0 2007

(Date forms issued)

*Harold K. Brook*

(Signature of Party or their Representative)

*HAROLD K. BRODE*

(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action