**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JOANN KAYEA                                     :          CIVIL ACTION
                              Plaintiff,          :
                 v.                               :
                                                  :
THE PRUDENTIAL INSURANCE                :
COMPANY OF AMERICA                       :
                              Defendant.          :          **NO: 07-92 (JJF)**

<u>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE
PRUDENTIAL INSURANCE COMPANY OF AMERICA**</u>

Defendant Prudential Insurance Company of America ("Prudential"), by its undersigned attorneys, responds as follows to plaintiff's complaint:

1-2.     To the extent, if at all, the allegations of these paragraphs are not conclusions of law to which no response is required, they are admitted.

3.       Admitted, upon information and belief.

4.       Denied as stated.  It is admitted that defendant The Prudential Insurance Company of America ("Prudential") is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 751 Broad Street in Newark, New Jersey, 07102.  It is further admitted that Prudential is authorized to conduct business in Delaware.

5.       Denied as stated.  It is admitted only that Prudential issued a long term disability group policy ("Policy"), G-77048, to Consolidated Schools, Inc. which provided benefits to eligible employees and that the Policy, a writing whose terms and conditions speak for themselves, is an "employee welfare benefit plan" as provided for under 29 U.S.C. §1002(1).

6.       Denied as stated.  It is admitted only that plaintiff went out of work on March 20, 2003 due to a herniated lumbar disk and that she was granted long term disability benefits from June 19, 2003 to June 19, 2005 upon a determination that plaintiff was totally disabled from her

238375.1

"own occupation."  Plaintiff's benefits were then terminated as Prudential determined that she was not totally disabled from "all occupations."

7.    Denied as stated.  It is admitted only that plaintiff's second and final appeal of the termination of her benefits was denied as Prudential determined that the medical documentation did not support that plaintiff was disabled from all occupations.  By way of further response, Prudential's vocational department was able to identify a job that plaintiff was capable of performing within the restrictions noted in its functional capacity evaluation and the notes of plaintiff's own doctors.

8.    Admitted in part, denied in part.  It is admitted only that Prudential both funds the policy and makes claim determinations as to the eligibility of the claimants.  It is specifically denied that Prudential ignored the opinions of plaintiff's health care providers.  Plaintiff's own neurologist opined that she was capable of work with certain limitations (he never stated that she was unable to work in any job).  There is also a functional capacity evaluation and a report from a doctor of physical medicine and rehabilitation which state that plaintiff is capable of working with certain limitations.  By way of further response, plaintiff has not provided the opinion of any neurologist which states that plaintiff is incapable of returning to any occupation.

## COUNT I

## CLAIM FOR LONG-TERM DISABILITY BENEFITS PURSUANT TO
## 29 U.S.C. §1132(a)(1)(B)

9.    Prudential hereby incorporates by reference the allegations of Paragraphs 1 through 8 of this answer as though fully set forth at length herein.

10-14.  To the extent, if at all, the allegations of these paragraphs are not conclusions of law to which no response is required, they are denied.

238375.1

WHEREFORE, defendant The Prudential Insurance Company of America respectfully requests judgment in its favor and against plaintiff Joann Kayea.

**COUNT II**

**EQUITABLE RELIEF PURSUANT TO 29 U.S.C. §1132(a)(3)(B)**

15.    Prudential hereby incorporates by reference the allegations of Paragraphs 1 through 14 of this answer as though fully set forth herein.

16-17.  These allegations are conclusions of law to which no response is required.

WHEREFORE, defendant The Prudential Insurance Company of America respectfully requests judgment in its favor and against plaintiff Joann Kayea.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a cause of action for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not eligible to receive Long-Term Disability benefits because she does not meet the contractual definition of total disability set forth in The Plan.

**THIRD AFFIRMATIVE DEFENSE**

The medical evidence supports plaintiff's ability to perform sedentary to light duty work.

**FOURTH AFFIRMATIVE DEFENSE**

Prudential did not engage in any arbitrary and/or capricious actions or inactions.

**FIFTH AFFIRMATIVE DEFENSE**

Prudential's decisions are entitled to great deference and its determination herein was neither arbitrary nor capricious.

238375.1

## SIXTH AFFIRMATIVE DEFENSE

The medical evidence shows that plaintiff is not totally disabled from all occupations.

WHEREFORE, defendant The Prudential Insurance Company of America respectfully requests judgment in its favor and against plaintiff Joann Kayea.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

BY:

Megan Harper, Esquire
Attorney I.D. No. 4103
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA 19106
(215) 627-6900
Attorney for Defendant
The Prudential Insurance Company of
America

Dated: March 20, 2007

-4-

238375.1

## CERTIFICATE OF SERVICE

I, Meghan Harper, attorney for Defendant The Prudential Insurance Company of America hereby certify that a true and correct copy of the within Answer to Plaintiff's Complaint with Affirmative Defenses was served on March 20, 2007 by first class mail to:

SCHMITTINGER AND RODRIGUEZ, P.A.
William D. Fletcher, Jr., Esquire
Noel E. Primos, Esquire
414 South State Street
P.O. Box 497
Dover, DE 19903-0497
*Attorneys for Plaintiff*

Megan Harper, Esquire