IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOANN KAYEA, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No.: 07-092 (JJF) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign company, | * | **TRIAL BY JURY DEMANDED** |
| Defendant. | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

COMES NOW, Plaintiff Joann Kayea, by and through her attorneys, Schmittinger and Rodriguez, P.A., and hereby submits this Memorandum of Points and Authorities in support of her Motion to Amend:

1. Plaintiff filed the instant action in February 2007 seeking to redress the denial to her by Defendant of long-term disability benefits.

2. Plaintiff was entitled to said benefits under a group benefits plan ("the Plan") obtained through her employment with the Brandywine School District.

3. At the time she filed her complaint, Plaintiff believed the Plan to be an "employee welfare benefit plan" pursuant to 29 U.S.C. §1002(1), and therefore governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA").

4. Plaintiff has now concluded, however, that the Plan is in fact a "governmental plan" pursuant to 29 U.S.C. §1003(b)(1), and therefore excluded from the provisions of ERISA.

5. A "governmental plan" is

>   a plan established or maintained for its employees by
>   the Government of the United States, by the government
>   of any State or political subdivision thereof, or by any
>   agency or instrumentality of any of the foregoing.

29 U.S.C. §1002(32).

6. The Plan was established and maintained for its employees by Plaintiff's former employer, the Brandywine School District.

7. The Brandywine School District is a political subdivision of the State of Delaware. Specifically, it is "a clearly defined geographic subdivision of the State [of Delaware] organized for the purpose of administering public education in that area . . . ." 14 Del. C. §1002(1). See also, e.g., Beck v. Claymont School District, 407 A.2d 226, 231 (Del. Super. 1979) ("the . . . analysis of the relationship between the local school district and its political parent, the State, leads to the conclusion that local school districts, in many aspects of their operation, are autonomous political subdivisions, particularly with respect to the ownership and management of school property"); 19 Del. C. §2309 ("[t]his chapter shall not apply to the State, any governmental agency created by it, each county, City, town, township, incorporated village, **school district**, sewer district, drainage district, public or quasi-public corporation **or any other political subdivision of the State** . . . .") (emphasis supplied).

8. An entity is a political subdivision pursuant to 29 U.S.C. §1002(32) if it is "'either (1) created directly by the state ... or (2) administered by individuals who are responsible to public officials or to the general electorate.'" Shannon v. Shannon, 965 F.2d 542, 548 (7th Cir.), cert. denied, 506 U.S. 1028

(1992) (quoting <u>NLRB v. Nat'l Gas Util. Dist. Of King County, Tenn.</u>, 402 U.S. 600, 604-05 (1971))(emphasis in <u>Shannon</u>). The Brandywine School District was created by the State of Delaware pursuant to 14 <u>Del</u>. <u>C</u>. §1001 <i>et. seq.</i>, and is administered by individuals who are responsible to public officials, namely, the school board members elected by the qualified voters of the Brandywine School District. 14 <u>Del</u>. <u>C</u>. §1051.

9. A plan is a "governmental plan" where the governmental entity provided exclusive funding for the plan. <u>Gualandi v. Adams</u>, 385 F.3d 236, 244 (2d Cir. 2004). In the instant case, the Brandywine School District, either by itself or with other school districts, provided exclusive funding for the Plan. Moreover, the fact that a school district sets up a benefit plan for its employees as a consequence of negotiations and collective bargaining rather than because of some unilateral action or decision does not lead to the conclusion that the Plan was not established by the school district. <u>Feinstein v. Lewis</u>, 477 F.Supp. 1256, 1260 (S.D.N.Y. 1979).

10. A plan is a "governmental plan" as long as the funding for said plan comes exclusively from governmental sources, **even though the plan is designed, set up, and administered by a private insurer**. <u>Silvera v. Mut. Life Ins. N.Y.</u>, 884 F.2d 423, 425-27 (9th Cir. 1989). See also <u>Fromm v. Principal Health Care of Iowa, Inc.</u>, 244 F.3d 652, 653-54 (8th Cir. 2001) (by offering government employees choice of multiple plans and paying the premiums on these plans, city had established the plans for purposes of 29 U.S.C. §1002(32)).

11. Public school health insurance established pursuant to collective bargaining through the purchase of a group health insurance policy from a private insurer is exempt from ERISA. Zeller v. Reading School District, 1992 U.S. Dist. LEXIS 9795 (E.D.Pa.), at *4. Moreover, a benefits plan is not deprived of its governmental plan status pursuant to ERISA simply because it is administered by a private insurance company. Zarilla v. Reading Area Community College, 1999 U.S. Dist. LEXIS 10448(E.D.Pa.), at *9.

12. The determination of whether the Plan is a "governmental plan" and therefore exempt from ERISA, is crucial to the conduct and trial of this case. E.g., a jury trial is not a available in ERISA actions.[1]

13. Whether this action is governed by ERISA will also determine the scope of permitted discovery. Accordingly, the parties have indicated in the proposed scheduling order, now approved by the Court, that certain discovery will be allowed should this Court determine that ERISA does not apply to the action because the Plan is a governmental plan. See Rule 16 Scheduling Order, D.I.11, at ¶3.

14. Accordingly, Plaintiff respectfully requests a speedy determination by this Court regarding the instant Motion.

---

[1] Though, as stated supra, a jury trial is not permitted under ERISA, Plaintiff did request a trial by jury in the original complaint. See "wherefore" clause of Count II. At this time, Plaintiff seeks in the amended complaint to clarify that a jury trial is requested by having that notation added to the caption of the complaint.

WHEREFORE, Plaintiff respectfully requests, for the reasons stated in the Motion to Amend and in this Memorandum of Points and Authorities, that this Honorable Court grant her Motion to Amend the Complaint.

          SCHMITTINGER & RODRIGUEZ, P.A.

BY: /s/ William D. Fletcher, Jr.
    WILLIAM D. FLETCHER, JR., ESQUIRE
    Bar I.D. #362

BY: /s/ Noel E. Primos
    NOEL E. PRIMOS, ESQUIRE
    Bar I.D. #3124
    414 South State Street
    P.O. Box 497
    Dover, Delaware 19903
    (302) 674-0140
    Attorneys for Plaintiff

DATED: 1/29/08
NEP:cef

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused copies of the following:

**MEMORANDUM OF POINTS AND AUTHORITIES**

to be served upon:   MEGAN N. HARPER, ESQUIRE
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
The Curtis Center, Suite 1130E
Philadelphia, Pennsylvania 19106

by sending copies to her via electronic service on: 1-29-08, 2008.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: /s/ William D. Fletcher, Jr.
WILLIAM D. FLETCHER, JR., ESQUIRE
Bar I.D. #362

BY: /s/ Noel E. Primos
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 South State Street
P.O. Box 497
Dover, Delaware 19903
(302) 674-0140
Attorneys for Plaintiff

DATED: 1/29/08
NEP:cef