IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOANN KAYEA, | : |
|     Plaintiff, | : |
| v. | :   Civil Action No. 07-092 JJF |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign company, | : |
|     Defendants. | : |

**MEMORANDUM OPINION and ORDER**

Pending before the Court is Plaintiff Joann Kayea's Motion to Amend (D.I. 14.) For the reasons discussed, the Motion will be granted.

**I. BACKGROUND**

On February 2, 2007, Plaintiff Joann Kayea ("Ms. Kayea") filed a complaint against Defendant The Prudential Insurance Company of America ("Prudential"). The Complaint alleged that Prudential violated the Employee Retirement Income Security Act of 1974("ERISA"), 29 U.S.C. §1101 et seq., when it wrongfully denied Ms. Kayea long term disability benefits due to her under an "employee welfare benefit plan." Ms. Kayea filed this Motion to Amend her complaint on January 28, 2008 (D.I. 14).

**II. DISCUSSION**

In order to amend a complaint after an answer has been filed, a plaintiff must obtain the consent of the opposing party or the court's leave to amend. Fed. R. Civ. P. 15. The district

court has discretion in granting a motion to amend, Foman v. Davis, 371 U.S. 178, 182 (1962), and "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities. Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). Amendment should be permitted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." Foman, 371 U.S. at 182.

Under Rule 8(d), parties may plead inconsistent and conflicting theories of recovery. See Fed. R. Civ. P. 8(d)(2)("a party may state as many separate claims or defenses as it has, regardless of consistency"). However, Rule 12(f) permits courts to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Such motions are generally disfavored unless the matter is clearly irrelevant or will prejudice the adverse party. See Rechsteiner v. Madison Fund, Inc., 75 F.R.D. 499, 505 (D. Del. 1977).

By her Motion to Amend, Ms. Kayea seeks to add a state-law breach of contract claim against Prudential. Ms. Kayea contends

amendment is appropriate because she originally believed her disability benefits plan to be an "employee welfare benefit plan" actionable under ERISA, but has since come to understand her disability plan is a "governmental plan" exempted from coverage under ERISA.

In response, Prudential admits that Ms. Kayea's disability plan is a "governmental plan," and does not contest amendment for purposes of adding the state law breach of contract claim. (D.I. 18.) Prudential contends that Ms. Kayea conceded that her disability plan is not actionable under ERISA, and thus asks that all allegations relating to ERISA be stricken from the amended complaint. (D.I. 18.) In turn, Ms. Kayea contends that striking the ERISA claim from the amended complaint is inappropriate because: 1) she is permitted to plead in the alternative; and 2) whether or not the disability coverage is a "governmental plan" as defined by ERISA is an issue of subject matter jurisdiction for which the parties should be able to pursue discovery. (D.I. 19 at 2.)

In light of the liberal pleading rules, the Court concludes that Ms. Kayea's Motion to Amend will be granted, and that the ERISA claim originally pleaded will not be stricken from the amended complaint. Prudential has failed to demonstrate any undue delay, undue prejudice, bad faith or futility which would justify a denial of leave to amend the complaint. Further,

Prudential admits that the long-term disability plan at issue is a "governmental plan" under ERISA, and does not dispute amendment of the complaint to add the state claim.

Moreover, the Court will deny Prudential's request to strike all allegations relating to ERISA from Ms. Kayea's amended complaint. Federal Rule of Civil Procedure 8(d)(2) permits Ms. Kayea to plead conflicting theories in the alternative, and she is not required to elect between these recovery theories at this early stage of the proceedings. The Court is not persuaded to exercise its authority to strike the ERISA allegations because Prudential has not shown that they are in any way "redundant, immaterial or impertinent." Thus, Ms. Kayea's amendment adding the alternative assertion that her long-term disability plan is a "governmental plan" not actionable under ERISA does not require that the original ERISA allegations be stricken or dismissed.[1] Accordingly, Ms. Kayea's Motion to Amend will be granted.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff Joann Kayea's Motion to Amend (D.I. 14) is **GRANTED**.

April 28, 2008

_____
UNITED STATES DISTRICT JUDGE

---

[1] Prudential may renew its objections to Ms. Kayea's ERISA allegations and seek to establish definitively that the disability plan is not subject to ERISA by a motion for summary judgment.