IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOANN KAYEA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 07-092 (JJF) |
| | * | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign company, | * | **TRIAL BY JURY DEMANDED** |
| | * | |
| Defendant. | * | |

**AMENDED COMPLAINT**

1. This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1001 et seq., and specifically 29 U.S.C. §§1132(a)(1)(B) and 1132(a)(3)(B), or, in the alternative, this action is not governed by ERISA because the action in question is a "governmental plan" pursuant to 29 U.S.C. §1003(b)(1). This Court's jurisdiction is based upon 29 U.S.C. §1132(e), or, in the alternative, upon 28 U.S.C. §1332 (diversity). The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

2. Venue is proper pursuant to 28 U.S.C. §1391(a).

3. Plaintiff Joann Kayea resides at 2202 Patwynn Court, New Castle County, Delaware, 19810.

4. Defendant is The Prudential Insurance Company of America, a foreign corporation. Though authorized to transact insurance business in Delaware, it is neither incorporated in Delaware, nor is its principal place of business located in Delaware.

5.   At all times pertinent hereto, Plaintiff was an employee of the Brandywine School District and as such, she was a member of a group having Long Term Disability (LTD) benefits and other benefits under a group policy with Defendant The Prudential Insurance Company of America, designated Group Policy #77048 issued to Consolidated Schools, Inc. Under this policy, if she became disabled due to sickness or accidental injury, she became entitled to total disability benefits. The group employee welfare disability benefits plan under which Plaintiff was entitled to disability benefits constituted an "employee welfare benefit plan" pursuant to 29 U.S.C. §1002(1, or, in the alternative, it constituted a "governmental plan" pursuant to 29 U.S.C. § 1003(b)(1).

6.   On March 20, 2003, Plaintiff discontinued working as an custodian because she became totally disabled.  Plaintiff has never returned to work since that date.  Subsequently, Plaintiff filed a claim with Defendant for total disability benefits.  These benefits were initially granted to her effective June 19, 2003, and she was paid $1,550.62 per month until June 19, 2005, at which time her benefits were terminated based upon a determination that Plaintiff was not totally disabled for all occupations.  A copy of this letter is attached as "Exhibit A".  Plaintiff appealed this decision internally with Defendant and that appeal was denied.  A copy of that letter is attached as "Exhibit B".

7.   Pursuant to Defendant's review process, Plaintiff submitted a second appeal to Defendant on September 23, 2005.  A copy of the appeal document is attached as "Exhibit C". Plaintiff

was notified in a letter dated February 23, 2006 that her second appeal had been denied and that she was not considered totally disabled as per Defendant's definition of "Total Disability". Defendant's decision was that Plaintiff was able to pursue employment as a "food checker" and that she was not entitled to LTD benefits. A copy of this letter decision is attached as Exhibit "D". The letter of February 23, 2006 also notified Plaintiff that she had reached her final level of internal appeal available through Defendant The Prudential Insurance Company of America and that Plaintiff would have to seek any further relief by filing an "ERISA" lawsuit.

8. In reaching its decision to deny LTD benefits to Plaintiff, Defendant completely ignored the opinions of Plaintiff's health care providers, all of whom stated that she was totally disabled and unable to perform even minimal work and failed to consider the progressive nature of her disability. Further, Defendant's denial of benefits was made as the administrator of the benefit plan and as the party liable for payment of ERISA benefits from its own financial resources.

## COUNT I

**CLAIM FOR LONG-TERM DISABILITY BENEFITS PURSUANT TO  
29 U.S.C. §1132(a)(1)(B)**

9. Plaintiff hereby realleges and incorporates by references paragraphs 1 through 8 hereinabove.

10. Defendant The Prudential Insurance Company of America qualifies as a "fiduciary" under the terms of ERISA.

11. Defendant has wrongfully denied Plaintiff's benefits by committing the actions described in this Complaint including, but

not limited to, the following:

    a.    unreasonably denying Plaintiff's requests for continued long-term disability benefits;

    b.    failing to determine that Plaintiff was entitled to long-term disability benefits;

    c.    failing to pay long-term disability benefits to Plaintiff; and

    d.    failing to comply with the terms of the Plan documents.

12. The actions of Defendant described in this Complaint, including those stated in the preceding paragraph, were arbitrary and capricious.

13. Defendant has wrongfully denied the Plaintiff the benefits due her under the terms of the Plan and deprived Plaintiff of her rights under the terms of the Plan.

14. Plaintiff is entitled to long-term disability benefits under the terms of the Plan.

WHEREFORE, Plaintiff Joann Kayea demands judgment against Defendant for (1) the disability benefits due Plaintiff under the Plan from June 19, 2005, and each month thereafter, plus pre- and post-judgment interest, reasonable attorney's fees and costs; (2) a declaration that Plaintiff is entitled to long-term disability benefits under the terms of the Plan; (3) attorney's fees and costs pursuant to U.S.C. §1132(g)(1); and (4) such other and further relief as this Court deems just and proper.

## COUNT II

**EQUITABLE RELIEF PURSUANT TO 29 U.S.C. §1132(a)(3)(B)**

15. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14 hereinabove.

16. Defendant is equitably estopped from denying benefits to Plaintiff by its previous representations to Plaintiff that she was entitled to total disability benefits.

17. Plaintiff is entitled to injunctive relief requiring Defendant to pay long-term disability benefits to Plaintiff pursuant to the terms of the Plan, because Defendant has wrongfully denied Plaintiff's benefits by committing the actions described in this Complaint including, but not limited to, the following:

   e. unreasonably denying Plaintiff's requests for continued long-term disability benefits;

   f. failing to determine that Plaintiff is entitled to long-term disability benefits;

   g. failing to pay Plaintiff long-term disability benefits; and

   h. failing to comply with the terms of the Plan.

WHEREFORE, Plaintiff requests (1) trial by jury to the fullest extent allowed by law, (2) that this Court issue an injunction requiring Defendant to pay Plaintiff long-term disability benefits pursuant to the terms of the Plan, and that this Court award such other equitable relief as it deems just and proper; and (3) that this Court award Plaintiff attorneys fees and costs pursuant to U.S.C. §1132(g)(1).

**COUNT III (ALTERNATIVE)**

**BREACH OF CONTRACT**

18. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 17 hereinabove.

19. The plan in question, pursuant to which Plaintiff was entitled to long term disability benefits under a group policy with Defendant, qualifies as a "governmental plan" pursuant to 29 U.S.C. §1003(b)(1). Specifically, Plaintiff's employer, the Brandywine School District, through Consolidated Schools, Inc., contracted for long term disability coverage with Defendant.

20. The Brandywine School District is a political subdivision of the State of Delaware, and accordingly the plan providing long term disability coverage to its employees qualifies as a "governmental plan" pursuant to 29 Del. C. §1003(b)(1).

21. Plaintiff was an intended third party beneficiary of the contract between her employer, Brandywine School District, through Consolidated Schools, Inc., and Defendant.

22. In denying long term disability benefits to Plaintiff, Defendant has breached its contract with Plaintiff's employer, Brandywine School District, thereby causing damages to Plaintiff, specifically, the denial of long term disability benefits to which she is entitled pursuant to said contract.

23. Defendant breached said contract by committing the actions described in this Complaint, including, but not limited to, the following:

    a. unreasonably denying Plaintiff's request for continued long-term disability benefits;

   b.   failing to determine that Plaintiff was entitled to long-term disability benefits;

   c.   failing to pay long-term disability benefits to Plaintiff; and

   d.   failing to comply with the terms of the plan documents, *i.e.*, the contract;

   e.   unreasonably failing to consider and accept the medical opinion and evaluation of Plaintiff's treating physicians;

   f.   unreasonably failing to consider and accept the most current medical diagnoses of her medical condition and related limitations;

   g.   unreasonably relying upon dated and incomplete medical evaluations that failed to depict Plaintiff's actual medical condition;

   h.   unreasonably relying upon the opinion of a non-medical doctor for establishing a medical diagnosis of Plaintiff's medical condition and related limitations; and

   i.   unreasonably denying Plaintiff long-term disability benefits based upon one alleged work occupation without any description of the occupation's duties, responsibilities and its actual existence.

   24.   Defendant's conduct in wrongfully denying Plaintiff long-term disability benefits was done without any reasonable reliable or justifiable medical basis and/or work occupation basis, and done arbitrarily and in bad faith.

   25.   Plaintiff is entitled to the benefit of the contract made on her behalf, *i.e.*, the long-term disability coverage

purchased by her employer through Consolidated Schools, Inc., from Defendant.

WHEREFORE, Plaintiff Joann Kayea demands judgment against Defendant for (1) any and all contractual damages available to her, including, but not limited to, the disability benefits due her under the Plan from June 19, 2005, and each month thereafter, plus pre- and post-judgment interest; (2) appropriate equitable relief, including an Order from the Court that Defendant pay Plaintiff long-term disability benefits pursuant to the terms of the Plan; (3) punitive damages; (4) attorney's fees and costs; and (5) such other and further relief as the Court deems just and proper.

        SCHMITTINGER AND RODRIGUEZ, P.A.

BY: /s/ William D. Fletcher, Jr.
    WILLIAM D. FLETCHER, JR., ESQ.
    Bar I.D. No. 362

BY: /s/ Noel E. Primos
    NOEL E. PRIMOS, ESQ.
    Bar I.D. No. 3124
    414 South State Street
    P.O. Box 497
    Dover, Delaware 19903-0497
    (302) 674-0140
    Attorneys for Plaintiff

DATED: 5/1/08
WDF/ljo