IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOANN KAYEA,<br><br>        Plaintiff,<br><br>    v.<br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA, a foreign company,<br><br>        Defendant. | C.A. No. 07-092  (JJF) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

The Prudential Insurance Company of America, a foreign company("Defendant" or "Prudential"), by and through its attorneys, hereby answers the allegations of the Amended Complaint of Plaintiff Joann Kayea ("Plaintiff") as follows:

1. Prudential neither admits nor denies the allegations contained in paragraph 1 of the Amended Complaint as said allegations constitute conclusions of law as to which no response is required.

2. Prudential neither admits nor denies the allegations contained in paragraph 2 of the Amended Complaint as said allegations constitute conclusions of law as to which no response is required.

3. Prudential admits, upon information and belief, the allegations contained in paragraph 3 of the Amended Complaint.

4. As to the allegations contained in paragraph 4 of the Amended Complaint, Prudential admits that it is a corporation

organized and existing under the laws of the State of New Jersey with its principal place of business at 751 Broad Street, Newark, New Jersey 07102. Prudential further admits that it is authorized to conduct business in the State of Delaware. Except as so stated, Prudential denies the remaining allegations of this paragraph of the Amended Complaint.

5. As the allegations contained in paragraph 5 of the Amended Complaint, Prudential admits that it issued a Group Long Term Disability Policy G-77048 (hereinafter referred to as "LTD Policy") to Consolidated Schools, Inc. which provides for potential Long Term Disability Benefits ("LTD Benefits") to eligible employees. Except as so stated, Prudential denies the remaining allegations in this paragraph of the Amended Complaint.

6. As to the allegations contained in paragraph 6 of the Amended Complaint, Prudential admits that plaintiff went out of work on or about March 20, 2003 and that she was granted LTD Benefits under the LTD Policy for the period from June 19, 2003 through June 19, 2005 based upon a determination that she was disabled from performing the material and substantial duties of her occupation as that term is defined by the LTD Policy. Answering further, Prudential admits that it terminated plaintiff's LTD Benefits as of June 19, 2005 based upon its determination that plaintiff was not disabled from performing

the material and substantial duties of any job for which she is reasonably fitted by her education, training or experience. Answering further, Prudential admits that plaintiff appealed from Prudential's determination terminating her claim for LTD Benefits and that Prudential upheld its decision to terminate her claim for LTD Benefits. Answering further, Prudential can not respond to plaintiff's assertions regarding Exhibit A and Exhibit B because said Exhibits were not attached to the Amended Complaint. Except as so stated, Prudential denies the remaining allegations in this paragraph of the Amended Complaint.

7. As to the allegations contained in paragraph 7 of the Amended Complaint, Prudential admits that plaintiff submitted a second appeal from Prudential's termination of her claim for LTD Benefits and that Prudential upheld its termination of that claim on that appeal. Answering further, Prudential can not respond to plaintiff's assertions regarding Exhibit because said Exhibit was not attached to the Amended Complaint. Except as so stated, Prudential denies the remaining allegations in this paragraph of the Amended Complaint.

8. As to the allegations contained in paragraph 8 of the Amended Complaint, Prudential admits that it funds the LTD Policy and makes all decisions regarding the eligibility of claimants for LTD Benefits under the LTD Policy. Except as so stated, Prudential denies the remaining allegations in this

paragraph of the Amended Complaint.

## AS TO COUNT I

9. Prudential repeats and realleges its responses to paragraphs 1 through 8 of the Amended Complaint as if fully set forth herein.

10. As to the allegations contained in paragraph 10 of the Amended Complaint, as ERISA is inapplicable to the LTD Policy at issue in this litigation, Prudential denies this allegation.

11. Denies the allegations contained in paragraph 11a. through d., inclusive of the Amended Complaint.

12. Denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Denies the allegations contained in paragraph 13 of the Amended Complaint.

14. Denies the allegations contained in paragraph 14 of the Amended Complaint.

Denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause of Count I of the Amended Complaint.

## AS TO COUNT II

15. Prudential repeats and realleges its responses to paragraphs 1 through 14 of the Amended Complaint as if fully set forth herein.

16. Denies the allegations contained in paragraph 16 of the Complaint.

- 4 -

17. Denies the allegations contained in paragraph 17e. through h., inclusive of the Amended Complaint.

Denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause of Count II of the Amended Complaint.

### AS TO COUNT III

18. Prudential repeats and realleges its responses to paragraphs 1 through 17 of the Amended Complaint as if fully set forth herein.

19. As to the allegations contained in paragraph 19 of the Amended Complaint, Prudential admits that it issued an LTD Policy to Consolidated Schools, Inc. which provides for potential LTD Benefits to eligible employees. Answering further, Prudential neither admits nor denies the allegations concerning whether the LTD Policy is a "government plan" as said allegation constitutes a conclusion of law as to which no response is required and therefore Prudential leaves plaintiff to her proofs. Except as so stated, Prudential denies the remaining allegations in this paragraph of the Amended Complaint.

20. As to the allegations contained in paragraph 20 of the Amended Complaint, Prudential admits that it issued a Group Long Term Disability Policy G-77048 (hereinafter referred to as "LTD Policy") to Consolidated Schools, Inc. which provides benefits to eligible employees. Answering further, Prudential admits

that ERISA is inapplicable to the LTD Policy at issue in this litigation. Answering further, Prudential neither admits nor denies the allegations concerning whether the LTD Policy is a "government plan" as said allegation constitutes a conclusion of law as to which no response. Except as so stated, Prudential denies the remaining allegations in this paragraph of the Amended Complaint.

21. As to the allegations contained in paragraph 21 of the Amended Complaint, Prudential admits that ERISA is inapplicable to the LTD Policy at issue in this litigation. Answering further, Prudential neither admits nor denies the allegations concerning whether the LTD Policy is a "government plan" and whether plaintiff was an intended "third party beneficiary" of the LTD Policy as said allegations constitute a conclusion of law as to which no response. Except as so stated, Prudential denies the remaining allegations in this paragraph of the Amended Complaint.

22. Denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Denies the allegations contained in paragraph 23a. through i., inclusive of the Amended Complaint.

24. Denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Denies the allegations contained in paragraph 25 of

the Amended Complaint.

Denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause of Count II of the Amended Complaint.

### DEFENSES

26. Plaintiff has failed to state a claim upon which relief can be granted.

27. Prudential has discretion to interpret the LTD Policy, make eligibility determinations under the LTD Policy, and to make any and all factual determinations under the LTD Policy.

28. Plaintiff is not entitled to punitive damages.

29. Plaintiff's claim for punitive damages is barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

30. There is no right to a jury trial, or compensatory or punitive damages, under ERISA.

31. Any benefits due under the LTD Policy are subject to offset in accordance with the terms of the LTD Policy.

32. Defendant is entitled to its attorney's fees under 29 U.S.C. § 1132(g).

33. Prudential has fully complied with its contractual obligations under the LTD Policy.

34. Plaintiff has failed to satisfy a condition precedent under the terms of the LTD Policy.

WHEREFORE, Prudential respectfully requests that judgment be entered in its favor, that the Complaint be dismissed with prejudice, and that Defendant be awarded its costs and fees.

Dated:    May 28, 2008

By: /s/ David P. Primack
David P. Primack (4449)
Drinker, Biddle & Reath LLP
1100 N. Market Street
Suite 1000
Wilmington, Delaware 19801-1254
Telephone: 302.467.4200
Facsimile: 302.467.4201

Of Counsel:
Seth Ptasiewicz
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone: 215.963.5000
Facsimile: 215.963.5001

Attorneys for Defendant
The Prudential Insurance
Company of America, a foreign
company

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing Answer to the Amended Complaint was electronically served via CM/ECF on this date upon:

Noel E. Primos, Esq.
Schmittinger and Rodriquez, P.A.
414 South State Street
P.O. Box 497
Dover, Delaware 19901

Dated: May 28, 2008
           /s/ David P. Primack
           David P. Primack (4449)
           Drinker, Biddle & Reath LLP
           1100 N. Market Street
           Suite 1000
           Wilmington, Delaware 19801-1254
           Telephone: 302.467.4200
           Facsimile: 302.467.4201

           Attorney for Defendant The Prudential Insurance Company of America, a foreign corporation